Dale K. Galipo, Esq. (SBN 144074)
Melanie T. Partow, Esq. (SBN 254843)
**THE LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-333
Fax: (818) 347-4118
dalekgalipo@yahoo.com
mpartow@galipolaw.com
*Attorneys for Plaintiffs*

LUIS A. CARRILLO Esq. Bar No. 70398
Law Offices of Luis A. Carrillo
A Professional Corporation
1499 Huntington Drive Suite 402
South Pasadena, CA 91030
P: (626) 799-9375
F: (626) 799-9380
email: lac4justice@gmail.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NAVAS, an individual; ALFREDO NAVAS, an individual; A.N., a minor, individually and as successor in interest to Sergio Navas and by and through his mother and Next Friend Christel Emmet; J.N., a minor, individually and as successor in interest to Sergio Navas and by and through his mother and Next Friend Christel Emmet; A.N., a minor, individually and as successor in interest to Sergio Navas and by and through her mother and Next Friend Christel Emmet, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, a municipality; BRIAN VAN GORDON, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1.  Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C §1983) <br><br> 2.  Unreasonable Search and Seizure – Excessive Force (42 U.S.C. §1983) <br><br> 3.  Substantive Due Process (42 U.S.C. §1983) <br><br> 4.  Municipal Liability (42 U.S.C. §1983) <br><br> 5.  Wrongful Death – Battery <br><br> 6.  Wrongful Death - Negligence <br><br> 7.  Bane Act <br><br> **DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR DAMAGES

Plaintiffs ROSA NAVAS, ALFREDO NAVAS, A.N., J.N. and A.N., for their complaint against Defendants CITY OF LOS ANGELES, BRIAN VAN GORDON, and DOES 1-10, inclusive, hereby allege as follows:

### INTRODUCTION

1.  This is a civil rights lawsuit, in which Plaintiffs seek damages arising from the March 5, 2015 fatal shooting of Sergio Navas ("NAVAS") by City of Los Angeles Police Officer Brian Van Gordon.  Sergio Nava was a father of three minor children. His three children and his two parents are the Plaintiffs and seek compensatory damages (wrongful death, survival damages, funeral and burial expenses and loss of financial support), punitive damages, attorneys' fees, and costs from Defendants for violating various rights guaranteed to the NAVAS and to Plaintiffs by the Bill of Rights, the United States Constitution, the California Constitution, and the laws of the State of California.

### PARTIES

2.  At all relevant times, NAVAS Sergio Navas ("NAVAS") was an individual residing in County of Los Angeles, California.

3.  Plaintiff ROSA NAVAS is the mother of NAVAS.  At all relevant times, ROSA NAVAS resided and currently resides in the County of Los Angeles, California. ROSA NAVAS sues in her individual capacity as the mother of NAVAS.  In her individual capacity in this suit, ROSA NAVAS seeks wrongful death damages under state and federal law.

4.  Plaintiff ALFREDO NAVAS is the father of NAVAS.  At all relevant times, ALFREDO NAVAS resided and currently resides in the County of Los Angeles, California.  ALFREDO NAVAS sues in his individual capacity as the father of

NAVAS.  In his individual capacity in this suit, ALFREDO NAVAS seeks wrongful death damages under state and federal law.

5. Plaintiff A.N. is the minor son of NAVAS, who resides in the County of Los Angeles, California.  A.N. sues by and through his Next Friend, who is his mother, Christel Emmet.  A.N. sues in his individual capacity for his own damages and for survival damages in his capacity as successor in interest to his father, Sergio Navas.

6. Plaintiff J.N. is the minor son of NAVAS, who resides in the County of Los Angeles, California.  J.N. sues by and through his Next Friend, who is his mother, Christel Emmet.  J.N. sues in his individual capacity for his own damages and for survival damages in his capacity as successor in interest to his father, Sergio Navas.

7. Plaintiff A.N. is the minor daughter of NAVAS, who resides in the County of Los Angeles, California.  A.N. sues by and through her Next Friend, who is her mother, Christel Emmet.  A.N. sues in her individual capacity for her own damages and for survival damages in her capacity as successor in interest to her father, Sergio Navas.

8. At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants BRIAN VAN GORDON ("VAN GORDON"), an individual, and DOES 1-10.  Plaintiffs do not seek punitive damages against CITY but contend that CITY is vicariously liable for Plaintiff's claims under state law and directly liable for their claims under federal law pursuant to *Monell* and its progeny.

9. At all relevant times, Defendant VAN GORDON was a duly appointed CITY of Los Angeles Police Officer and an employee or agent of CITY, subject to oversight and supervision by CITY's elected and non-elected officials, and he acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY OF LOS ANGELES, the CITY OF LOS

ANGELES POLICE DEPARTMENT, and under the color of the statutes and regulations of the State of California.

10. At all relevant times, Defendants DOES 1-10 were duly appointed CITY Police Officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elec6ted and non-elected officials and/or were managerial, supervisory or policy-making officials of the CITY of Police Department. At all relevant times, DOES 1-10 acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY OF LOS ANGELES, the CITY OF LOS ANGELES POLICE DEPARTMENT, and under the color of the statutes and regulations of the State of California.

11. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

12. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

13. DEFENDANT CITY is liable for the nonfeasance and malfeasance of VAN GORDON and DOES 1-10 for Plaintiff's state law claims pursuant to Cal. Govt. Code § 815.2(a). ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). VAN GORDON and DOES 1-10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a). DEFENDANT CITY OF LOS ANGELES is also liable pursuant to Cal. Govt. Code § 815.6.

14. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs at this time, who therefore sue these defendants by such fictitious names.

Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

15. On April 17, 2015 Plaintiffs filed comprehensive and timely claims for damages with CITY pursuant to applicable sections of the California Government Code.

16. Plaintiffs' claims were rejected on June 10, 2015.

## JURISDICTION AND VENUE

17. This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and of constitutional rights protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1334, and 1367.

18. Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20. The incident upon which this action is based occurred on or about March 5, 2015, at or near 4110 National Avenue in the City of Burbank, County of Los Angeles, California.

21. At the time of this incident, NAVAS SERGIO NAVAS ("NAVAS") was a 35-year old father of three children.

22. On or about March 5, 2015, Los Angeles Police Officer VAN GORDON was on patrol and encountered a vehicle driven by SERGIO NAVAS. A vehicle pursuit ensured. Plaintiffs are informed and thereon believe that at the time VAN GORDON decided to initiate a pursuit of NAVAS, that he had no information that NAVAS had committed any crime, did not see NAVAS in the process of committing or about to commit any crime, knew nothing about NAVAS and had never seen NAVAS before. Plaintiffs are informed and thereon believe that NAVAS was unarmed, that VAN GORDON never saw NAVAS with a weapon or with anything that looked like a weapon, and that VAN GORDON never saw or heard NAVAS verbally or physically threaten anyone.

23. The vehicle pursuit ended in a cul-de-sac near 4100 National Ave in the City of Burbank, California. Plaintiffs are informed and thereon believe that VAN GORDON's patrol vehicle violated proper police procedure when it pulled up alongside of the driver's side of NAVAS' vehicle, making it impossible for NAVAS to exit his car through the driver's side door. VAN GORDON'S improper tactics also created a scenario in which VAN GORDON was unable to avail himself of distance and cover. Without any warning and when NAVAS posed no immediate threat of death or serious bodily injury to VAN GORDON or to anyone else, VAN GORDON fired multiple shots at NAVAS. VAN GORDON's gunfire struck NAVAS twice, once in the arm and once in the abdomen.

24. Plaintiffs are informed and thereon believe that NAVAS posed no immediate threat of death or serious bodily injury to anyone at the time he was shot. At the time that VAN GORDON fired, NAVAS' vehicle was not moving, NAVAS was unarmed and he had not threatened anyone.

25. NAVAS exited the vehicle through the passenger side door and fell onto the ground, feet away from the officers. A witness and certified registered nurse who was at the scene tried to render medical assistance to NAVAS, but officers prevented him

from doing so and ordered the registered nurse to "back off."  No officer on scene rendered any medical aid to NAVAS.  NAVAS died from his wounds and was pronounced dead at the scene.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment Unreasonable Search and Seizure**

**Detention and Arrest (42 U.S.C. §1983)**

**(against VAN GORDON AND DOES 1-10)**

26. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

27. The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

28.  On March 5, 2015, Defendants VAN GORDON and DOES 1-10 attempted to and eventually did stop the vehicle that NAVAS was driving.  When Defendants first encountered the vehicle, it was being operated in a lawful manner.  Defendants did not have any specific information or recognize this particular vehicle or the occupant as connected with any crime or outstanding want or warrant.  Defendants did not know the occupants or the car from any prior contacts.  Defendants had no objectively reasonable or specifically articulable factual basis to suspect that the vehicle or its occupant was connected with the commission of any crime.  Once Defendants stopped the vehicle and seized NAVAS, Defendants had no confirmation that NAVAS had committed any crime, no information that NAVAS was any threat to any officer or any other person, and did not see NAVAS in possession of any illegal objects, contraband, or weapons.

29.  The conduct of VAN GORDON and DOES 1-10 on March 3, 2015 violated NAVAS's rights to be free from unreasonable search and seizure, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.  VAN GORDON and Defendants DOES 1-10 were integral participants and failed to intervene with respect to the other officers' unreasonable seizure of NAVAS despite the opportunity to do so.

31.  The conduct of Defendants VAN GORDON and DOES 1-10 in unreasonably seizing NAVAS up to and including the shooting was malicious, oppressive and in reckless disregard for the rights and safety of NAVAS and warrants the imposition of exemplary and punitive damages as to these individual Defendants.

32.  As a direct result of the death of NAVAS, Plaintiffs have suffered the loss of love, care, comfort, society, companionship, assistance, protection, affection, moral support, support, and loss of services of NAVAS. The present wrongful death claim is also made by NAVAS' Successors-In-Interest A.N., J.N., and A.N., who seek both wrongful death and survival damages under this claim.

33.  As a direct result of the unreasonable detention of NAVAS, he experienced severe pain and suffering and lost his life for which he, through Plaintiffs A.N., J.N., and A.N., as his successors in interest, is entitled to recover damages.

34.  Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment Unreasonable Search and Seizure**

**Excessive Force (42 U.S.C. §1983)**

**(against VAN GORDON and DOES 1-10)**

35. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.  The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force by peace officers.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

37.  On March 3, 2015, Defendants VAN GORDON and DOES 1-10 seized NAVAS when they used excessive deadly force and fired multiple rounds of gunfire at NAVAS, killing him.  At the time of the use of excessive deadly force, Defendants had no confirmation that NAVAS had committed any crime, no information that NAVAS was any threat to any officer or any other person and did not see NAVAS in possession of any illegal objects, contraband, or weapons.  NAVAS was unarmed.  VAN GORDON and DOES 1-10 had no information as to whether there were any children or other occupants in the car with NAVAS.  VAN GORDON and DOES 1-10 issued no warning before they fired.  Plaintiffs are informed and thereon believe that VAN GORDON and DOES 1-10 had never seen NAVAS before, did not recognize him as a fugitive or person with any outstanding wants or warrants, and did not know who NAVAS was at the time of the shooting.   At the time of the shooting, the vehicle that NAVAS was driving was stopped.  There were no exigent circumstances to justify firing multiple rounds at the vehicle and NAVAS as Defendants did in this case.

38.    The use of deadly force by VAN GORDON and DOES 1-10 on March 3, 2015 violated NAVAS rights to be free from excessive force by peace officers, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.    Defendants DOES 1-10 were integral participants and failed to intervene with respect to the use of deadly force against NAVAS despite the opportunity to do so.

40.    The conduct of VAN GORDON and DOES 1-10 in unlawfully seizing NAVAS by firing multiple rounds into the vehicle when NAVAS was unarmed, when the vehicle he occupied was stopped, when there was no confirmation of any crime

and/or when the crime suspected did not justify the use of deadly force as a response, and when NAVAS  posed no threat to the officers or to any other person, was malicious, oppressive and in reckless disregard for the rights and safety of NAVAS and warrants the imposition of exemplary and punitive damages as to VAN GORDON and DOES 1-10.

41.    As a direct result of the death of NAVAS, Plaintiffs have suffered the loss of love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services of NAVAS.  This claim is made by NAVAS' Successors-in-Interest on NAVAS' behalf as well as on their own behalf for both wrongful death and survival damages.

42.    As a direct result of the unlawful seizure of NAVAS, he experienced severe pain and suffering and lost his life for which he, by A.N., J.N., and A.N. as his successor in interest, is entitled to recover damages.

43.    Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

### THIRD CLAIM FOR RELIEF
### Substantive Due Process (42 U.S.C. §1983)
### (against VAN GORDON and DOES 1-10)

44.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45.  The substantive due process clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

46.  Specifically, the Fourteenth Amendment protects all persons from interference with relationships such as "'those that attend the creation and sustenance of a family' and similar 'highly personal relationships.'" *IDK, Inc. v. Clark County*,

836 F.2d 1185, 1193 (9th Cir. 1988), citing *Roberts v. United States Jaycees*, 468 U.S. 609, 618-19 (1988).

47.   On March 3, 2015, NAVAS had not committed any crime and/or any crime that justified the use of deadly force against him.  At the time of the shooting, NAVAS was unarmed, the vehicle had stopped, and NAVAS was not threatening or otherwise attempting to harm any officer or other person.

48.  In shooting and killing NAVAS under the circumstances alleged herein, the conduct of Defendants constituted an unwarranted state interference in the Plaintiffs' familial relationship with their father and son, was unreasonable, and exhibited a deliberate indifference to NAVAS' rights in violation of the Fourteenth Amendment to the U.S. Constitution.

49.   Defendants were each integral participants and/or failed to intervene with respect to the other officers' unlawful detention, use of excessive deadly force, and unlawful interference with familial relations despite the opportunity to do so.

50.   The conduct of Defendants in unlawfully detaining and using excessive deadly force against NAVAS and unlawfully interfering in the Plaintiffs' familial relations with their father, husband and son was malicious, oppressive and in reckless disregard for the rights and safety of NAVAS and Plaintiffs and warrants the imposition of exemplary and punitive damages as to the individual defendants.

51.   As a direct result of the death of NAVAS, Plaintiffs have suffered the loss of love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services of NAVAS.  Plaintiffs seek wrongful death damages under this claim.

52.   Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

# FOURTH CLAIM FOR RELIEF

## Municipal Liability for Unconstitutional Custom or Policy

## (42 U.S.C. §1983)

## (against Defendant CITY of LOS ANGELES)

53. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.  A municipality is liable for the constitutional deprivations of an individual where its officials or employees, acting under color of law, deprived a person of their particular rights under the constitution and where either: the officials or employees acted pursuant to an adopted policy, custom, or practice; the acts of a final policy maker deprived a person of their constitutional rights by knowing about and approving of an employees' acts or omissions; or the constitutional deprivations were a result of the municipality's failure to train its employees to handle the usual and recurring situations with which they must deal. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

55.  On and for some time prior to and after March 3, 2015 (and continuing to the present date), Defendant CITY deprived Plaintiffs, NAVAS and other members of the public of their rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution by knowingly maintaining, enforcing and applying an official custom, policy, and practice of:

> (a) Employing and retaining CITY Police Officers, including Defendants VAN GORDON and DOES 1-10, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies concerning the lawful detention of citizens, the use of deadly force and the requirement to

render medical aid to those injured while being apprehended by the police;

(b) Inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, including VAN GORDON and DOES 1-10, concerning lawful detention of citizens and the use of deadly force;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by Defendants VAN GORDON, DOES 1-10, and other CITY police officers;

(d) Ratifying the misconduct of and unlawful detentions, arrests and uses of excessive force by CITY Officers, including VAN GORDON, DOES 1-10 and other CITY police officers (including but not limited to the misconduct and excessive force used by Defendants against NAVAS on March 3, 2015);

(e) Failing to discipline VAN GORDON, DOES 1-10 and other CITY Officers (including, but not limited to the misconduct and excessive force used by Defendants against NAVAS on March 3, 2015);

(f) Failing to retrain VAN GORDON, DOES 1-10 and other CITY Officers concerning lawful detention, arrest, and the use of force despite the fact that complaints of unlawful detention, excessive force, and false statements have been filed against CITY Officers with the CITY, in the Superior Courts and in the District Courts and despite significant jury verdicts against them;

(g) Failing to properly investigate claims of unlawful detention, excessive force, and false statements or reports by CITY Police Officers;

(h) Conspiring to give a false account of the incident to attempt to justify unlawful detentions and the use of deadly force; and

(i) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of CITY, were done with a deliberate indifference to individuals' safety and rights; and

(j) Failing to adequately train, discipline, retrain, and investigate concerning allegations and incidents of unlawful detentions and arrests and of excessive force by CITY Officers, in combination with CITY's ratification of said complaints and incidents, has given rise to a culture of impunity within the CITY of LOS ANGELES Police Department.  The CITY's actions and inactions have caused CITY Officers to disregard proper police procedures and the law concerning detention, arrest, and the use of force in the exercise of their authority as peace officers and during their day-to-day interactions with civilians.

56.  The CITY's actions and inactions as described above were the moving force behind the Defendants' unlawful detention of and use of excessive force against NAVAS on March 3, 2015.

57.  Pursuant to these unconstitutional customs, policies and practices and as an example thereof, CITY OF LOS ANGELES Police Officers Julio Benavides and Mario Flores used excessive deadly force against Robert Contreras when they shot Mr. Contreras in the back on September 3, 2005.  At the time that Officers Benavides and Flores fired, Mr. Contreras was unarmed and posed no threat of death or serious bodily injury to the shooting officers or to anyone else.  Plaintiffs are informed and thereon believe that Officers Benavides and Flores were not disciplined or required to undergo any retraining as a result of their use of deadly force against Mr. Contreras.  Plaintiffs are further informed and thereon believe that CITY concluded that the shooting of Mr.

Contreras was justified and that it was within and consistent with Los Angeles Police Department ("LAPD") policy.

58. Pursuant to these unconstitutional customs, policies and practices and as an example thereof, CITY OF LOS ANGELES Police Officers used excessive deadly force against Mauricio Cornejo when they beat Mr. Cornejo after he fled a traffic stop on February 3, 2007. At the time of the LAPD officers' use of force, Mr. Cornejo was unarmed and posed no threat of death or serious bodily injury to the officers or to anyone else. The six involved LAPD officers failed to provide Mr. Cornejo medical care and he died from his injuries. Plaintiffs are informed and thereon believe that the six involved LAPD officers were not disciplined or required to undergo any retraining as a result of their use of deadly force against Mr. Cornejo. Plaintiffs are informed and thereon believe that the CITY concluded that the use of force against Mr. Cornejo was justified and that it was within and consistent with LAPD policy.

59. Pursuant to these unconstitutional customs, policies and practices and as an example thereof, CITY OF LOS ANGELES Police Officer Arthur Gamboa used excessive deadly force when he shot and killed Anthony Garrett on May 10, 2011. Officer Gamboa shot Mr. Garrett twice in the back. The pre-shooting tactics and shooting was determined by the Board of Police Commissioners to be outside of departmental policy. However, Plaintiffs are aware of no information or evidence that Officer Gamboa was disciplined or required to undergo any retraining as a result of his use of excessive deadly force against Mr. Garrett.

60. Pursuant to these unconstitutional customs, policies and practices and as an example thereof, CITY OF LOS ANGELES Police Officer Fernando Ortega used excessive deadly force against Maria del Carmen Ruvalcaba when he shot and killed Ms. Ruvalcaba in her home on July 22, 2011. At the time that Officer Ortega fired, Ms. Ruvalcaba was unarmed and posed no threat of death or serious bodily injury to the shooting officer, to any of the other officers on scene, or to anyone else. Officer

Ortega was not disciplined or required to undergo any retraining as a result of his use of deadly force against Ms. Ruvalcaba. The CITY concluded that the shooting-death of Ms. Ruvalcaba by Officer Ortega was justified and that it was within and consistent with LAPD policy.

61. Also pursuant to these unconstitutional customs, policies and practices and as an example thereof, City of LOS ANGELES Police Officers used excessive deadly force against Sergio Pina on February 2, 2013. Mr. Pina was shot multiple times although he was unarmed and posed no threat of death or serious bodily injury to the officers or any other person at the time that he was shot. None of the officers involved in the shooting of Mr. Pina were disciplined or required to undergo any re-training as a result of their use of excessive deadly force against Mr. Pina. Plaintiffs are informed and thereon believe that CITY declared the shooting of Mr. Pina justified and that it was within and consistent with LAPD policy.

62. Also pursuant to these unconstitutional customs, policies and practices and as an example thereof, City of LOS ANGELES Police Officers Gerald Adams, Houston Stauber, Alfredo Morales and Shaun Hillman used excessive deadly force against David Martinez on March 19, 2013 when they shot him multiple times, killing him. At the time of the officers' use of excessive deadly force, Martinez was unarmed, was running away from the officers, and posed no threat of death or serious bodily injury to the officers or any other person. Plaintiffs are informed and thereon believe that none of the officers involved in the shooting-death of Mr. Martinez were disciplined or required to undergo any re-training as a result of their use of excessive deadly force. Plaintiffs are further informed and thereon believe that CITY declared the shooting of Mr. Martinez to be justified and that it was within and consistent with LAPD policy.

63. CITY's response – or lack thereof -- to the repeated use of excessive deadly force against unarmed persons who pose no immediate threat of death or serious bodily

injury is indicative of CITY's custom, policy and practice of failing to train or retrain its officers and of ratifying its officers' use of excessive force.  CITY's response – or lack thereof -- is further indicative of the culture of impunity that exists within the LOS ANGELES Police Department, whereby LOS ANGELES City Police Officers such as Defendants believe that there are no adverse consequences when they violate the constitutional rights of citizens.  This culture of impunity, pursuant to CITY's official policy, practice, and custom, is the direct and proximate cause of the individual Defendants' use of force against NAVAS in this case.

64. By reason of the aforementioned policies and practices of Defendant CITY, NAVAS was severely injured and subjected to pain and suffering and lost his life for which he, by his successors in interest, is entitled to recover survival damages.

65.    NAVAS' successors-in-interest, A.N., J.N. and A.N., seek both survival and wrongful death damages under this claim.  Plaintiffs ROSA NAVAS and ALFREDO NAVAS seek wrongful death damages under this claim. As a direct result of the death of NAVAS caused by the conduct of Defendants, Plaintiffs have suffered the loss of love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support and loss of services of NAVAS.

66.  Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

### FIFTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code §820 and California Common Law)**

**(Wrongful Death)**

**(against all Defendants)**

67.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.  VAN GORDON and DOES 1-10, while working as CITY Police Officers and acting within the course and scope of their duties, intentionally shot NAVAS.  The

shooting was a touching and use of unreasonable force against the NAVAS to which the NAVAS did not consent.  As a result of the actions of Defendants VAN GORDON and DOES 1-10, NAVAS suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  Defendants had no legal justification for using force against NAVAS and said Defendants' use of force was unreasonable.

69.  As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of NAVAS, and will continue to be so deprived for the remainder of their natural lives.  CITY is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

70.  The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and NAVAS, entitling Plaintiffs, individually, to an award of exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code §820 and California Common Law)**

**(Wrongful Death)**

**(against all Defendants)**

71.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

72.  The actions and inactions of the Defendants were negligent and reckless, including, but not limited to:

(a) the failure to properly and adequately assess the need to stop, detain, seize, arrest and/or use force or deadly force against NAVAS;

(b) the negligent pre-shooting tactics and handling of the situation with NAVAS and the shooting of multiple rounds;

(c) the failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1-10;

(d) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of scenarios that LAPD officers would frequently and routinely encounter, such as this encounter with NAVAS;

73.  As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, NAVAS was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of NAVAS, and will continue to be so deprived for the remainder of their natural lives.

74.  CITY is vicariously liable for the wrongful acts of Defendants VAN GORDON and DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75.  Plaintiffs bring this claim on their own behalves and seek wrongful death damages under state law.

## SEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civ. Code §52.1 and California Common Law

### (all Defendants)

76.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

77. The California Civil Code, Section 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated.  Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A*., 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

78.  VAN GORDON and DOES 1-10 violated NAVAS's Fourth Amendment rights to be free from unreasonable seizures when they detained him and used deadly force against him without any warning by firing multiple rounds at him and killing him.  There was no confirmation that NAVAS had committed any crime and/or the defendants had no information that NAVAS committed any crime that warranted their use of the highest level of force and most severe deprivation of liberty possible – deadly force.  At the time of the shots, the vehicle was stopped, NAVAS was not threatening or attempting to harm anyone, the defendants had no information regarding who NAVAS was and NAVAS did not match the description of any person with any outstanding wants or warrants.

79.  NAVAS was caused to suffer severe pain and suffering and ultimately died for which he, by Plaintiffs A.N., J.N., and A.N., as his successors in interest, is entitled to recover survival damages.

80. The conduct of Defendants VAN GORDON and DOES 1-10 was a substantial factor in causing the harm, losses, injuries, and damages of NAVAS.

81. CITY is vicariously liable for the wrongful acts of Defendants VAN GORDON and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

82. The conduct of Defendants VAN GORDON and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of NAVAS, entitling Plaintiffs to an award of exemplary and punitive damages.

83. Plaintiffs also seek costs and attorney fees under this claim pursuant to subsection (h).

///
///
///

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants CITY OF LOS ANGELES, VAN GORDON and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven at trial;

B. For funeral and burial expenses and loss of financial support;

C. For punitive damages against the individual defendants VAN GORDON and DOES 1-10 in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorney's fees under state and federal law;

F. For such further relief at law or equity as the Court or jury may deem just and appropriate.

Dated: December 9, 2015

LAW OFFICES OF DALE K.GALIPO
LAW OFFICES OF LUIS A. CARRILLO

Dale K. Galipo
Luis A. Carrillo
Melanie T. Partow
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated:  December 9, 2015                    LAW OFFICES OF DALE K.GALIPO
                                           LAW OFFICES OF LUIS A. CARRILLO


                                           Dale K. Galipo
                                           Luis A. Carrillo
                                           Melanie T. Partow
                                           Attorneys for Plaintiffs