Martin J. Mayer, SBN 73890
mjm@jones-mayer.com
James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
dlr@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:   (714) 446-1448

Attorneys for Defendant
OFFICER BRIAN VAN GORDON

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – SPRING STREET

| | |
|---|---|
| ROSA NAVAS, an individual; ALFREDO NAVAS, an individual; A.N., a minor, individually and as successor in interest to Sergio Navas and by and through his mother and Next Friend Christel Emmet; J.N., a minor, individually and as successor in interest to Sergio Navas and by and through his mother and Next Friend Christel Emmet; A.N., a minor, individually and as successor in interest to Sergio Navas and by and through her mother and Next Friend Christel Emmet, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, a municipality; BRIAN VAN GORDON, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No:  2:15-cv-09515-DDP (JC) <br> Judge: Hon. Dean D. Pregerson <br><br><br> **DEFENDANT BRIAN VAN GORDON'S ANSWER TO COMPLAINT** |

## ANSWER TO COMPLAINT

Answering Plaintiffs' Complaint for (1) Violation of 42 U.S.C. Section 1983 [Detention and Arrest]; (2) Violation of 42 U.S.C. Section 1983 [Excessive Force]; (3) Violation of 42 U.S.C. Section 1983 [Substantive Due Process]; (4) Violation of 42 U.S.C. Section 1983 [Municipal Liability]; (5) Wrongful Death – Battery; (6) Wrongful Death – Negligence; and (7) Bane Act. (1) Violation of 42 U.S.C. § 1983 [excessive force]; (2) Violation of 42 U.S.C. § 1983 [Monell]; (3) Wrongful Death; (4) Assault and Battery; (5) Violation of 42 U.S.C. § 1983 [excessive force/conspiracy]; (6) Intentional Infliction of Emotional Distress ("Complaint"), Defendant, Brian Van Gordon, admits, denies, and alleges as follows:

## INTRODUCTION

1.     Answering paragraph 1 of the Complaint, insofar as the allegations of this paragraph regard Sergio Navas' familial connections, Van Gordon is without sufficient information to admit or deny the allegations therein and on that basis denies those allegations. Insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits that Sergio Navas was fatally shot by Los Angeles Police Officer Brian Van Gordon on March 5, 2015.  Except as so admitted, Van Gordon denies each and every allegation contained in paragraph 1 of the Complaint.

## PARTIES

2.     Answering paragraph 2 of the Complaint, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

3.     Answering paragraph 3 of the Complaint, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

4.    Answering paragraph 4 of the Complaint, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

5.    Answering paragraph 5 of the Complaint, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

6.    Answering paragraph 6 of the Complaint, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

7.    Answering paragraph 7 of the Complaint, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

8.    Answering paragraph 8 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits that he is employed by the City of Los Angeles. Except as so admitted, Van Gordon denies each and every allegation contained in paragraph 8 of the Complaint.

9.    Answering paragraph 9 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits that he is employed by the City of Los Angeles. Except as so admitted, Van Gordon denies each and every allegation contained in paragraph 9 of the Complaint.

10.    Answering paragraph 10 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

11.    Answering paragraph 11 of the Complaint, insofar as the allegations

of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

12.     Answering paragraph 12 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

13.     Answering paragraph 13 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies each and every allegation contained therein.

14.     Answering paragraph 14 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

15.     Answering paragraph 15 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

16.     Answering paragraph 16 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

17.    Answering paragraph 17 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits the allegations therein.

18.    Answering paragraph 18 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits the allegations contained therein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.    Paragraph 19 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 19, Van Gordon incorporates his respective admissions and denials to each such paragraph enumerated above.

20.    Answering paragraph 20 of the Complaint, Van Gordon admits the allegations therein.

21.    Answering paragraph 21 of the Complaint, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

22.    Answering paragraph 22 of the Complaint, Van Gordon admits he is a Los Angeles Police Officer and encountered a vehicle driven by Sergio Navas on March 5, 2015.  Except as so admitted, Van Gordon denies each and every allegation contained in paragraph 22 of the Complaint.

23.    Answering paragraph 23 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits that he is a Los Angeles Police Officer and encountered a vehicle driven by Sergio Navas on March 5, 2015. Van Gordon admits that he fatally shot Sergio Navas on March 5, 2015.  Except as so admitted, Van Gordon denies each and every allegation contained in paragraph 23 of the

Complaint.

24.   Answering paragraph 24 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

25.   Answering paragraph 25 of the Complaint, Van Gordon admits that he fatally shot Sergio Navas on March 5, 2015.  Except as so admitted, Van Gordon denies each and every allegation contained in paragraph 25 of the Complaint.

## FIRST CLAIM FOR RELIEF

26.   Paragraph 26 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 26, Van Gordon incorporates his respective admissions and denials to each such paragraph enumerated above.

27.   Answering paragraph 27 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

28.   Answering paragraph 28 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits that he is a Los Angeles Police Officer and encountered a vehicle driven by Sergio Navas on March 5, 2015. Van Gordon admits that he fatally shot Sergio Navas on March 5, 2015.  Except as so admitted, Van Gordon denies each and every allegation contained in paragraph 28 of the Complaint.

29.   Answering paragraph 29 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

30.   Answering paragraph 30 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an

answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

31.     Answering paragraph 31 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations as to DOE Officers and on that basis denies each and every allegation as to those Officers. As to the remaining allegations, Van Gordon denies each and every allegation contained in paragraph 31.

32.     Answering paragraph 32 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

33.     Answering paragraph 33 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

34.     Answering paragraph 34 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

ANSWER TO COMPLAINT

## SECOND CLAIM FOR RELIEF

35.     Paragraph 35 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 35, Van Gordon incorporates his respective admissions and denials to each such paragraph enumerated above.

36.     Answering paragraph 36 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

37.     Answering paragraph 37 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits that he is a Los Angeles Police Officer and encountered a vehicle driven by Sergio Navas on March 5, 2015. Van Gordon admits that he fatally shot Sergio Navas on March 5, 2015.  Except as so admitted, Van Gordon denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Answering paragraph 38 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

39.     Answering paragraph 39 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

40.     Answering paragraph 40 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations as to DOE Officers and on that basis denies each and every allegation as to those Officers. As to the remaining

allegations, Van Gordon denies each and every allegation contained in paragraph 40.

41.     Answering paragraph 41 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

42.     Answering paragraph 42 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

43.     Answering paragraph 43 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF

44.     Paragraph 44 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 44, Van Gordon incorporates his respective admissions and denials to each such paragraph enumerated above.

45.     Answering paragraph 45 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

46.     Answering paragraph 46 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an

answer is required, Van Gordon denies the allegations therein.

47.     Answering paragraph 47 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

48.     Answering paragraph 48 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

49.     Answering paragraph 49 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

50.     Answering paragraph 50 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

51.     Answering paragraph 51 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

52.     Answering paragraph 52 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

## **FOURTH CLAIM FOR RELIEF**

53.     Paragraph 53 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 53, Van Gordon incorporates his respective admissions and denials to each such paragraph

enumerated above.

54.    Answering paragraph 54 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

55.    Answering paragraph 55 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

56.    Answering paragraph 56 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

57.    Answering paragraph 57 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

58.    Answering paragraph 58 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

59.    Answering paragraph 59 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and

every allegation contained therein.

60.     Answering paragraph 60 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

61.     Answering paragraph 61 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

62.     Answering paragraph 62 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

63.     Answering paragraph 63 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

64.     Answering paragraph 64 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

65.     Answering paragraph 65 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an

answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

66.     Answering paragraph 66 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

67.     Paragraph 67 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 67, Van Gordon incorporates his respective admissions and denials to each such paragraph enumerated above.

68.     Answering paragraph 68 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon admits that he is employed as a Police Officer by the City of Los Angeles and that he fatally shot Sergio Navas. Except as so expressly admitted, Van Gordon denies each and every allegation contained in paragraph 68.

69     Answering paragraph 69 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

70.     Answering paragraph 70 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

**SIXTH CLAIM FOR RELIEF**

71.     Paragraph 71 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 71, Van Gordon incorporates his respective admissions and denials to each such paragraph enumerated above.

72.     Answering paragraph 72 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

73.     Answering paragraph 73 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

74.     Answering paragraph 74 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

75.     Answering paragraph 75 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**

76.     Paragraph 76 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 76, Van Gordon incorporates his respective admissions and denials to each such paragraph enumerated above.

77.     Answering paragraph 77 of the Complaint, insofar as the allegations

13

of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

78.     Answering paragraph 78 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

79.     Answering paragraph 79 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

80.     Answering paragraph 80 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon denies the allegations therein.

81.     Answering paragraph 81 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Van Gordon is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

82.     The allegations of paragraph 82 of the Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Van Gordon denies each and every allegation contained therein.

83.     The allegations of paragraph 83 of the Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Van Gordon denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

In addition to each of the admissions and denials set forth above, Van Gordon asserts the following affirmative defenses.  The assertion of an affirmative

14

1    defense shall not negate, by any means, Plaintiffs' burden of proof on any element

2    of their claims.

3

4                     **FIRST AFFIRMATIVE DEFENSE**

5                     (Failure to State a Claim for Relief)

6          84.    Van Gordon alleges that neither the Complaint, nor any claim for

7    relief asserted therein, asserts facts sufficient to constitute a claim against Van

8    Gordon.

9

10                   **SECOND AFFIRMATIVE DEFENSE**

11                   (Assumption of Risk)

12         85.    Van Gordon alleges that Sergio Navas voluntarily assumed all risks,

13   responsibility and liability for the alleged injuries or damages, if any, sustained by

14   Sergio Navas.

15

16                   **THIRD AFFIRMATIVE DEFENSE**

17                   (Claims Barred by Govt. Code § 820.2)

18         86.    Van Gordon alleges that each and every state-law claim for relief

19   contained in Plaintiffs' Complaint is barred by the provisions of Government Code

20   section 820.2.  Specifically, except as otherwise provided by statute, a public

21   employee is not liable for an injury resulting from his act or omission where the act

22   or omission was the result of the exercise of the discretion vested in him, whether

23   or not such discretion be abused.

24

25                   **FOURTH AFFIRMATIVE DEFENSE**

26                   (Claims Barred by Govt. Code § 820.4)

27         87.    Van Gordon alleges that each and every state-law claim for relief

28   contained in Plaintiffs' Complaint is barred by the provisions of Government Code

section 820.4.  Specifically, a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## FIFTH AFFIRMATIVE DEFENSE
### (Claims Barred by Govt. Code § 820.8)

88.    Van Gordon alleges that each and every state-law claim for relief contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 820.8.  Specifically, except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.

## SIXTH AFFIRMATIVE DEFENSE
### (Claim for relief Barred by Govt. Code § 844.6)

89.    Van Gordon alleges that each and every state-law claim for relief contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 844.6.  Specifically, a public entity is not liable for an injury to any prisoner.

## SEVENTH AFFIRMATIVE DEFENSE
### (Claims Barred by Govt. Code § 845)

90.    Van Gordon alleges that each and every state-law claim for relief contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 845.  Specifically, neither a public entity nor a public employee is liable for failure to establish a police department or otherwise to provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service.

## EIGHTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

91.     Van Gordon alleges that the damages asserted by Plaintiffs in the Complaint are barred, either in whole or in part, by the doctrine of avoidable consequences. State Department of Health Services v. Superior Court, 31 Cal.4th 1026, 6 Cal. Rptr. 3d 441 (2003).

## NINTH AFFIRMATIVE DEFENSE

(Claims Barred Due to Reasonable and Probable Cause to Detain Plaintiff)

92.     Van Gordon alleges that each and every claim for relief contained in Plaintiffs' Complaint is barred because, at all times mentioned in Plaintiffs' Complaint herein, Van Gordon had reasonable and probable cause to detain and restrain Sergio Navas.

## TENTH AFFIRMATIVE DEFENSE

(Claims Barred Due to Exercise of Reasonable Force)

93.     Van Gordon alleges that each and every claim for relief contained in Plaintiffs' Complaint is barred because, the force used was reasonable under the circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE

(Probable Cause of Threat)

94.     Van Gordon alleges that each and every claim for relief contained in Plaintiffs' Complaint is barred because he had probable cause to believe that Sergio Navasz posed a threat of serious physical harm, either to Van Gordon or to others.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Comply with California Tort Claims Act)

95.     Van Gordon alleges that each and every state-law claim for relief contained in Plaintiffs' Complaint is barred by Plaintiffs failure to comply with the provisions of California Tort Claims Act, Government Code section 900, et seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

96.     Van Gordon alleges that each and every claim for relief contained in Plaintiffs' Complaint is barred because Van Gordon is entitled to qualified immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

97.     Plaintiffs' claims for damages are barred, either in whole or in part, because Plaintiffs' purported damages are remote, speculative and/or unavailable as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

98.     Van Gordon alleges that Sergio Navas engaged in conduct and activities sufficient to constitute a waiver of any alleged duty, act or omission of any nature by Van Gordon, which waiver serves to preclude any recovery here sought by Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

99.     Van Gordon alleges that each and every claim for relief contained in

18

1   Plaintiffs' Complaint is barred by the equitable doctrine of laches.

2

3              **SEVENTEENTH AFFIRMATIVE DEFENSE**

4                   (Failure to Mitigate Damages)

5        100.   Van Gordon alleges that though under a duty to do so, Plaintiffs have

6   failed and neglected to mitigate the alleged damages, and therefore cannot recover

7   against Van Gordon whether as alleged, or otherwise.  Van Gordon alleges that

8   Plaintiffs failed to exercise their duty to mitigate and limit his damage claim as to

9   Van Gordon, which acts and omissions by Plaintiffs have estopped Plaintiffs from

10  asserting any claim for damages or seeking the relief requested against Van

11  Gordon.

12

13              **EIGHTEENTH AFFIRMATIVE DEFENSE**

14                          (Estoppel)

15       101.   Van Gordon alleges that each and every claim for relief contained in

16  Plaintiffs' Complaint is barred by the equitable doctrine of estoppel.

17

18              **NINETEENTH AFFIRMATIVE DEFENSE**

19                      (Unclean Hands)

20       102.   Van Gordon alleges that each and every claim for relief contained in

21  Plaintiffs' Complaint is barred by the equitable doctrine of unclean hands.

22

23              **TWENTIETH AFFIRMATIVE DEFENSE**

24                          (Privilege)

25       103.   Van Gordon alleges that its conduct was, at all times, justified and

26  privileged.

27

28

## TWENTY FIRST AFFIRMATIVE DEFENSE

(Acts or Omissions of Plaintiffs)

104.   Van Gordon alleges that, to the extent Plaintiffs suffered any damages, which Van Gordon denies, they were caused solely by the actions or omissions of Sergio Navas.

## TWENTY SECOND AFFIRMATIVE DEFENSE

(Legal and/or Proximate Cause)

105.   Van Gordon alleges that its acts were not the legal and/or proximate cause of any of the damages alleged by Plaintiffs.

## TWENTY THIRD AFFIRMATIVE DEFENSE

(Apportionment)

106.   Van Gordon alleges that, if Plaintiffs suffered or sustained any loss or damage as alleged in the Complaint, such loss or damage was proximately caused and contributed to by persons or entities other than Van Gordon.  The liability of all defendants, named or unnamed, should be apportioned according to the relative degrees of fault, and the liability of Van Gordon should be reduced accordingly.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

(Offset)

107.   Van Gordon alleges that any amount for which it is held liable and owing to Plaintiffs is offset by any and all amounts recovered by Plaintiffs from any other responsible parties, such that Van Gordon's liability will be reduced in an amount corresponding to those amounts recovered by Plaintiffs from such other responsible parties.

<b><u>TWENTY FIFTH AFFIRMATIVE DEFENSE</u></b>

(Statute of Limitations)

108.   Van Gordon alleges that each and every claim for relief contained in Plaintiff's Complaint is barred by the applicable statute of limitation set forth in Section 335, et seq., of the California Code of Civil Procedure, including, but not limited to Sections 335.1, 339, 340, 342, and the limitations periods applicable to Government Tort Claims as set forth in Government Code section 900 et seq., including, but not limited to Sections 945.6 and 950.6.

<b><u>TWENTY SIXTH AFFIRMATIVE DEFENSE</u></b>

(Standing)

109.   Plaintiffs' lack standing to pursue this action.

<b><u>TWENTY SEVENTH AFFIRMATIVE DEFENSE</u></b>

(Self-Defense)

110.   In taking the actions alleged in the Complaint, Van Gordon was acting in self-defense.

<b><u>TWENTY EIGHTH AFFIRMATIVE DEFENSE</u></b>

(No Malice)

111.   Any and all acts taken by Van Gordon occurred in the proper exercise of police powers without malice or intent to deprive any person of any right under the Constitution or any other law.

<b><u>TWENTY NINTH AFFIRMATIVE DEFENSE</u></b>

(No Deliberate Indifference)

111.   Any and all acts taken by Van Gordon occurred in the proper exercise of police powers without any deliberate indifference to any Plaintiff's rights or to

21

Sergio Nava's rights.

## **THIRTIETH AFFIRMATIVE DEFENSE**

(Reservation of Additional Affirmative Defenses)

112.   Van Gordon alleges that he is without sufficient information as to the nature and scope of Plaintiffs' claims for relief to be able to be fully assess and set forth all potentially-applicable affirmative defenses in this matter.  Accordingly, Van Gordon hereby reserves the right to allege additional affirmative defenses as further information becomes known.

## **PRAYER FOR RELIEF**

WHEREFORE, Van Gordon prays as follows:

1.     That Plaintiffs take nothing by reason of their Complaint, and that judgment be entered in favor of Van Gordon.

2.     That Van Gordon be awarded costs of suit and attorney's fees incurred in defense of this action pursuant to 42 U.S.C. § 1988 and other legal grounds; and

3.     For such other and further relief as the Court deems just and proper.

Dated:    March 10, 2016                Respectfully submitted,

JONES & MAYER


By:/s/ Denise L. Rocawich
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
Attorneys for Brian Van Gordon