1  Dale K. Galipo, Esq. (SBN 144074)
   Melanie T. Partow, Esq. (SBN 254843)
2  **THE LAW OFFICES OF DALE K. GALIPO**
   21800 Burbank Blvd., Suite 310
3  Woodland Hills, CA 91367
   Tel: (818) 347-333
   Fax: (818) 347-4118
4  dalekgalipo@yahoo.com
   mpartow@galipolaw.com
5  *Attorneys for Plaintiffs*

6  LUIS A. CARRILLO Esq. Bar No. 70398
   Law Offices of Luis A. Carrillo
7  A Professional Corporation
   1499 Huntington Drive Suite 402
8  South Pasadena, CA 91030
   P: (626) 799-9375
9  F: (626) 799-9380

10 email: lac4justice@gmail.com

11
12

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

13  ROSA NAVAS, an individual; ALFREDO        Case No.: 15-cv-9515 SVW (JCx)
14  NAVAS, an individual; A.N., a minor,
    individually and as successor in interest to   [*Honorable Stephen V. Wilson*]
15  Sergio Navas and by and through his
    mother and Next Friend Christel Emmet;    **NOTICE OF UNOPPOSED EX**
16  J.N., a minor, individually and as successor  **PARTE PETITION AND**
    in interest to Sergio Navas and by and      **UNOPPOSED EX PARTE PETITION**
17  through his mother and Next Friend          **FOR ORDER APPROVING THE**
    Christel Emmet; A.N., a minor,             **COMPROMISE OF CLAIMS BY**
18  individually and as successor in interest to  **MINOR PLAINTIFFS A.N., J.N.,**
    Sergio Navas and by and through her        **A.N., A.B., AND R.B.;**
19  mother and Next Friend Christel Emmet,     **MEMORANDUM OF POINTS AND**
                                                **AUTHORITIES: DECLARATION**
20                  Plaintiffs,                 **OF DALE K. GALIPO IN SUPPORT**
                                                **AND EXHIBITS; [PROPOSED]**
21                                              **ORDER**
22             vs.
23  CITY OF LOS ANGELES, a municipality;
    BRIAN VAN GORDON, an individual;
24  and  DOES 1 through 10, inclusive,
25                  Defendants.
26
27
28

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTIE THAT**

Petitioner Christel Emmet (guardian ad litem for the minor plaintiffs A.N., J.N., and A.N.) and Petitioner Blanca Chevez (guardian ad litem for the minor plaintiffs R.B. and A.B.), by and through Plaintiffs' counsel Dale K. Galipo, will and hereby does petition this Court, ex parte, for an Order approving the settlement of the claims of the minor plaintiffs A.N., J.N., A.N., R.B., and A.B and the distribution of the settlement funds.

Petitioners make this application under Federal Rule of Civil Procedure 17(c)(2), Local Rule 83-5.1, Local Rule 83-5.3, and California Code of Civil Procedure 372.  The grounds for this application are set forth in the attached Memorandum of Points and Authorities and Declaration of Dale K. Galipo.

Prior to filing this *ex parte* application, Plaintiffs' counsel contacted defense counsel in compliance with Local Rule 7-19 through 7-19.1.  Defense counsel are:

Cory Brente
Colleen Smith
200 N. Main St., 6th Floor
Los Angeles, CA 90012
Phone: (213) 978-7021
Fax: (213) 978-8785
Email: cory.brente@lacity.org
Email: colleen.smith@lacity.org

Defense counsel stated that they **do not oppose** the filing of this petition.  *See* Declaration of Dale K. Galipo in Support of Unopposed Ex Parte Application for Approval of Minor's Compromise  ("Galipo Decl.") at ¶ 2.

The reason for seeking approval of the minors' compromise on an *ex parte* basis is to ensure that the rates currently locked in for the annuity structured payment schedules by the life insurance companies, which were vetted and selected for each minor plaintiff by their guardians ad litem, do not expire. *Id.*

1

Respectfully submitted,
DATED:  April 17, 2017

2

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF LUIS A. CARRILLO

3

4

By:          s/ Melanie T. Partow

5

Dale K. Galipo
Luis A. Carrillo
Melanie T. Partow
Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PETITION FOR APPROVAL OF MINORS' COMPROMISE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Christel Emmet, guardian *ad litem* for minor plaintiffs A.N., J.N., and A.N., and Blanca Chevez, guardian ad litem for minor plaintiffs R.B. and A.B., hereby submit a proposed order for approval of the minors' compromises in this matter, and request that the Court approve the proposed distributions of the minors' funds.

The instant claims of minor plaintiffs A.N., J.N., A.N., and R.B., and A.B. arose out of the shooting-death of Sergio Navas by City of Los Angeles Police Officer Brian Van Gordon on March 5, 2015. Galipo Decl. at ¶ 3.  The plaintiffs are Sergio Navas' parents (Rosa Navas and Alfredo Navas) and Sergio Navas' five minor children, A.N., J.N., A.N., R.B. and A.B.

The parties agreed to settle the case.  The agreement obligates Defendants to pay to the plaintiffs and their attorneys of record the total sum of $2,500,000.00. *Id*. at ¶ 5. Plaintiffs (including the guardian ad litem for the minor plaintiffs) have agreed, among themselves, that the 2,500,000 gross settlement proceeds are to be distributed as follows:

| | |
|---|---|
| Alfredo Navas | $250,000 |
| Rosa Navas | $250,000 |
| A.N. | $400,000 |
| J.N. | $400,000 |
| A.N. | $400,000 |
| R.B. | $400,000 |
| A.B. | $400,000 |

Galipo Decl. at ¶ 5.

///
///
///

Local Rule 83-5.1 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." Petitioners hereby provide and disclose the required information in this memorandum and the attached Declaration of Dale K. Galipo.

## II. DISCUSSION

### A. Procedural Framework

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c). In general, all transactions involving the claims of minors and their proceeds are subject to court approval.

The Local Rules provide the applicable procedural framework. Local Rule 17-1.2 provides that no claim involving a minor "shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or

covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952."  Finally, Local Rule 17-1.5 provides that in call cases involving the claims of minors, "the Court shall fix the amount of attorney's fees."

Because A.N. (1), J.N., A.N. (2), R.B., and A.B. are minors, they and their guardian ad litems propose to use their portions of the award to individually purchase an annuity for each minor which will distribute the money over time with interest, with guaranteed payments.

Accordingly, pursuant to the above Local Rules, Movants and plaintiffs' attorneys make the following disclosures and request that the Court approve the following transactions.

### B.    Disclosures pursuant to California Rule of Court 7.950

(1)    Petitioners are Christal Emmet (for minor plaintiffs A.N., J.N., and A.N. and Blanca Chevez (for minor plaintiffs R.B. and A.B.).   Petitioners are the court-appointed guardian *ad litem* for the four minor Plaintiffs.

(2)    The claimants are the five minor plaintiffs A.N., J.N., A.N., R.B., and A.B.

(3)    The ages and gender of each claimant is as follows:

Minor Plaintiff A.N.(1) is a 17-year-old male born on October 30, 1999 to Christel Emmet and decedent Sergio Navas.

Minor Plaintiff J.N. is a 13-year-old male born on August 19, 2003 to Christel Emmet and decedent Sergio Navas.

Minor Plaintiff A.N. (2) is a 12-year-old female born on June 15, 2004 to Christel Emmet and decedent Sergio Navas.

Minor Plaintiff R.B. is a three-year-old female born January 16, 2014 to Blanca Chevez and decedent Sergio Navas.

Minor Plaintiff A.B. is a three-year-old male born January 16, 2014 to Blanca Chevez and decedent Sergio Navas.

Galipo Decl. at ¶ 4.

(4)     The nature of the plaintiffs' claims are set forth in the operative complaint filed in this action.

(5)     The damages for the claimants arise from their individual losses of their father's comfort, care, companionship, training, support, and guidance, as well as survival damages for the decedent's own loss of life, loss of enjoyment of life and physical pre-death pain and suffering. *Id.* at ¶ 3.

(6)     The claimants have not received medical treatment in connection with this case. *Id.*

(7)     Medical billing is not relevant. *Id.*

(8)     The gross amount of the settlement that Defendants agree to pay is $2,500,000. Of the $2,500,000 gross settlement amount, Plaintiffs and Petitioners agree to distribute $400,000 to each minor, for a gross total of $2,000,000 of the $2,500,000 being distributed to the minor plaintiffs.[1]  Plaintiffs' counsel, The Law Offices of Dale K. Galipo and The Law Offices of Luis A. Carrillo, are requesting attorneys' fees of 40 percent of the $2,000,000 in gross settlement proceeds that Plaintiffs and Petitioners agree to distribute to the minor plaintiffs, or $800,000. Galipo Decl. at ¶¶ 8-12, 18.  The contingency retainer agreement between Plaintiffs and their attorneys provide for a 40 percent contingency fee and Section 1988 fees. *Id.* at ¶ 18.

Plaintiffs' attorneys also seek reimbursement for litigation costs of $4,335. *Id.* at ¶ 6.  Of the total litigation costs, $600 was incurred by the minor plaintiffs R.B. and A.B. only and concern DNA testing.  Plaintiffs and Petitioners agreed among themselves that the remaining $3,735 in litigation costs would be split six ways, resulting in the payment of $622.50 in costs by A.N., $622.50 in costs by J.N., $622.50 in costs by A.N., $922.50 in costs by R.B. (one-sixth of the costs incurred by all

---

[1] Of the $500,000 gross remaining settlement funds, Plaintiffs and Petitioners agree to distribute $250,000 to the Rosa Navas, the decedent's mother and $250,000 to Alfredo Navas, the decedent's father.

plaintiffs plus $300 for half of the DNA testing costs), $922.50 in costs by A.B. (one-sixth of the costs incurred by all plaintiffs plus $300 for half of the DNA testing costs), and the final one-sixth of the costs by the parent plaintiffs ($311.25 in costs by Alfredo Navas and $311.25 by Rosa Navas). *Id.*

Plaintiffs' attorneys also seek reimbursement for several money advances made to Petitioner Christel Emmet for assistance with necessary living expenses for A.N., J.N., and A.N. during the two year course of this litigation in the amount of $23,400. *Id.* at ¶ 7.

The contingency fee, litigation costs and advances are the amounts that the Law Offices of Dale K. Galipo and the Law Offices of Luis A. Carrillo would be due under the existing retainer agreements. *Id.* at ¶¶ 10-12, 18.  This case involved a substantial amount of risk. *Id.* at ¶ 19.   If Plaintiffs had prevailed at trial and a likely appeal, statutory attorneys' fees due to Law Offices of Dale K. Galipo and the Law Offices of Luis A. Carrillo under the retainer agreements likely would exceed $1,500,000.00. *Id.* If Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in such cases, it would not be able to take them. *Id.*  In turn, minor plaintiffs such as A.N., J.N., A.N., R.B., and A.B. would not be able to attract competent counsel who could achieve similar results. *Id.*

(9)    In summary, the gross amount of the settlement of A.N.(1)'s claims is $400,000. After deducting the agreed upon contingency attorney fees, litigation costs, and reimbursement for monies advanced for the minor plaintiff's necessary daily needs during the course of the litigation, the total net settlement due to A.N.(1) is $231,577.5. A.N.(1) will reach age 18 in 2017.   It is proposed that $41,577.50 be placed in a blocked account and that $190,516.00 be used to fund a guaranteed structured settlement annuity that will make scheduled payments directly to A.N.(1).  Attached hereto as "**Exhibit A**" to this Petition, is a proposed structured settlement annuity, which is incorporated herein in its entirety by reference. *Id.* at ¶ 8.  A.N.(1) and his

guardian *ad litem* agree to this proposal and believe that it is in the best interests of A.N.  The net payout to A.N.(1) will be $253,235.76.

The gross amount of the settlement of J.N.'s claims is $400,000.  After deducting agreed attorneys' fees, litigation costs, and reimbursement for monies advanced for the minor plaintiff's necessary daily needs, the total net settlement due to J.N.(1) is $231,577.5.  It is proposed that $231,577.5 be used to fund a guaranteed structured settlement annuity.  Attached hereto as "**Exhibit B**" to this Petition, is a proposed structured settlement annuity, which is incorporated herein in its entirety by reference. *Id*. at ¶ 9.  A.N.'s guardian *ad litem* agrees to this proposal and believes that it is in the best interests of her son.  The net payout to J.N. will be $289,427.

The gross amount of the settlement of A.N.(2)'s claims is $400,000.  After deducting agreed attorneys' fees, litigation costs, and reimbursement for monies advanced for the minor plaintiff's necessary daily needs, the total net settlement due to A.N.(1) is $231,577.5.  A.N.(2) requires the creation of a Special Needs Trust.  It is proposed that a payment of $31,577.50 be used to create and fund the special needs trust and that $200,000 be used to fund a guaranteed structured settlement annuity.  Attached hereto as "**Exhibit C**" to this Petition, is a proposed structured settlement annuity, which is incorporated herein in its entirety by reference. Id at ¶ 7.  A.N.(2)'s guardian *ad litem* agrees to this proposal and believes that it is in the best interests of her daughter. The net payout to A.N.(2) is $253,639.90.

The gross amount of the settlement of A.B.'s claims is $400,000.  After deducting agreed attorneys' fees and litigation costs, the total net settlement due to R.B. is $239,077.5.  It is proposed that a payment of $239,0775 be used to create and fund a guaranteed structured settlement annuity.  Attached hereto as "**Exhibit D**" to this Petition, is a proposed structured settlement annuity, which is incorporated herein in its entirety by reference. *Id*. at ¶ 11.  A.B.'s guardian ad litem agrees to this proposal and believes that it is in the best interests of her son.  The net payout to A.B. is $416,000.

The gross amount of the settlement of R.B.'s claims is $400,000. After deducting agreed attorneys' fees and litigation costs, the total net settlement due to R.B. is $239,077.5. It is proposed that a payment of $239,0775 be used to create and fund a guaranteed structured settlement annuity. Attached hereto as "**Exhibit E**" to this Petition, is a proposed structured settlement annuity, which is incorporated herein in its entirety by reference. *Id.* at ¶ 12. R.B.'s guardian ad litem agrees to this proposal and believes that it is in the best interests of her daughter. The net payout to R.B. is $416,000.

(10)   The Petitioners and guardians ad litems have no claims against the defendants or the minor plaintiffs in connection with the subject incident. *See consent, below.*

(11)   California Welfare and Institutions Code Section 14124.73 does not apply.

(12)   This motion seeks an order for payment of money to a special needs trust for minor plaintiff, A.N.(2).

**C.     Disclosures pursuant to California Rule of Court 7.951.**

(1) This petition was prepared by attorney Melanie T. Partow (California Bar Number 254843), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, representing the minor plaintiffs. Galipo Decl. at ¶ 13.

(2) The Law Offices of Dale K. Galipo and The Law Offices of Luis A. Carrillo did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. *Id.* at ¶ 14.

(3) The Law Offices of Dale K. Galipo The Law Offices of Luis A. Carrillo represents the plaintiffs in this matter but is not employed by any other party or any insurance carrier involved in the matter. *Id.* at ¶ 15.

(4) The Law Offices of Dale K. Galipo and The Law Offices of Luis A. Carrillo have not received any compensation for their services in connection herewith from any person. *Id.* at ¶ 16.

(5) The Law Offices of Dale K. Galipo and The Law Offices of Luis A. Carrillo do not expect to receive any additional compensation for their services in connection with this case other than the contingency fees set forth herein and agreed to by the adult plaintiffs and the guardians ad litem for the five minor plaintiffs. *Id*. at ¶ 17.

(6) The Law Offices of Dale K. Galipo and The Law Offices of Luis A. Carrillo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. *Id*. at ¶ 18. The retainer agreements provide for a 40 percent attorney fee if the matter concludes after commencement of a lawsuit, and for recovery of Section 1988 fees. *Id*.

## D.   Movants' Endorsements

Petitioners have made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors' claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' injuries. Petitioners further understand the transactions proposed in this Petition and request that the Court approve them.

Petitioners recommend the transaction and the proposed distributions to the minors as being fair, reasonable, and in the best interest of the minors, and request that the Court approve this Petition and make such other and further orders as may be just and reasonable.

### 1.   *Request by Petitioner Christel Emmet for Minor A.N. (1)*

For A.N. (1) who will turn 18 on October 30, 2017, Petitioner Christel Emmet specifically requests that the Court enter an order approving the proposed annuity described in "**Exhibit A**". In this proposal, Petitioner requests a lump sum to be placed in a blocked account accessible to A.N. upon his 18th birthday. Thereafter, annuity payments will be made directly to A.N. beginning at age 19 on a monthly basis for 8 years. A.N. will receive a lump sum payment in 2024. *See* Galipo Decl. at ¶ 8; Exhibit A.

### 2.    Request by Petitioner Christel Emmet for Minor J.N.

For J.N., Petitioner Christel Emmet specifically requests that the Court enter an order approving the proposed annuity described in "**Exhibit B**".  In this proposal, the annuity will make modest monthly payments directly to J.N. beginning at age 18 and variable lump sum payments until the year 2030. *See* Galipo Decl. at ¶ 9; Exhibit B.

### 3.    Request by Petitioner Christel Emmet for Minor A.N.(2)

For A.N.(2), Petitioner specifically requests that the Court enter an order approving the proposed annuity described in "**Exhibit C**".  In this proposal, a lump sum payment will seed a Pooled Special Needs Trust under 42 U.S.C. §1396p(d)(4)(C) with CPT as Trustee per CA Probate Code  §§3602, 3604(b), and 3611.Special Needs Trust. The remainder will find an annuity.  The annuity will make guaranteed monthly payments to the special needs trust for 30 years. *See* Galipo Decl. at ¶ 9; Exhibit C.

A 42 U.S.C. §1396p(d)(4)(C) "Pooled" special needs trust is a trust created and managed by a nonprofit organization.  A separate account is maintained for each beneficiary of the trust.  Each account can be invested and managed separately to meet the objectives of the beneficiary.  The account is created for the sole benefit of an individual with disability by the individual's parent, grandparent, legal guardian, court, or the individual.

The Pooled Special Needs Trust was established and is managed by CPT, a national 501(C)(3) not-for-profit and first party Special Needs Trust provider.  The trust has provided trust services to over six hundred clients in California and has tens of millions under administration and all accounts are bondable.

Petitioner Christel Emmet, the mother and guardian ad litem of beneficiary A.N.(2), and Susan Lindsey, the grandmother and legal guardian of A.N.(2) shall serve as equal beneficiaries (50%/50%).  Susan Lindsey shall be the Beneficiary Advocate. All distributions requested by the Beneficiary Advocate are reviewed by the Trustee (CPT) for appropriateness and compliance with public benefit laws.

Pursuant to Probate Code §2643, the petitioner requests that that the Court authorize the Trustee to receive a one time initial $4,000 trust set up fee total, and annual payments on account at the rate of 2% of the funds in the individual account, with $4,000 annual minimum, without further order.

Pursuant to Probate Code §2643, if bond and accountings are waived, the Trustee will receive a one-time initial $3,000 trust set up fee total, and annual payments on account at the rate of 1% of the funds in the individual account, with $2,000 annual minimum, without further order.

Payment is reasonable in this particular case because the cost of administrative services for the pooled special need trust account and trustee are inclusive. The costs are a fraction of those associated with a corporate trustee, professional conservator or traditional Trustee.  Therefore, the fees for the pooled special needs trust are a great value to the beneficiary.

The names, addresses and relationships of all persons entitled to notice are as follows:

A.N.(2)
12336 Foxcroft Place
Granada Hills, CA 91344

Christel Emmet
12336 Foxcroft Place
Granada Hills, CA 91344

CPT
1 Civic Center Drive – Suite 310
San Marcos, CA 92069

Department of Health Services, Remainder Beneficiary
MS 4720, P.O. Box 997425, Sacramento, CA 95899-7425

Department of Mental Health, Remainder Beneficiary
1600 9th Street, Sacramento, CA 95814

Department of Developmental Disabilities, Remainder Beneficiary
1600 9th Street, Sacramento, CA 95814

   4.   *Request by Petitioner Blanca Chevez for Twin Minors A.B. and R.B.*

Petitioner specifically requests that the Court enter an order approving the proposed annuities described in "**Exhibits D and E**."  In these identical proposals, Petitioner requests modest monthly disbursements to assist with raising her three year-old twin son and daughter between now and the time they are 18 years old.  Petitioner is a responsible adult who works full time as a teacher.  While she is doing the best she can to raise toddler twins A.B. and R.B., as a working single mother of young twins, her finances are currently strained, and she struggles to scrape together the funds necessary for child care, basic daily needs, financial support to sustain their own residence (they currently reside with Petitioner's brother in his home), and the educational and extracurricular opportunities to develop and nurture A.B. and R.B.'s talents and interests.

Petitioner requests a one-time lump sum payment of $7,500 per minor to be payable on July 15, 2017, to cover the expenses of first and last month's rent and a security deposit so that she and the twin minors A.B. and R.B. may move into and establish their own residence and purchase beds, dressers and other furniture for A.B. and R.B.  Petitioner has not requested or received any advances or monies of any kind, from attorneys or otherwise, against this settlement for A.B. or R.B.

Petitioner further requests the sum of $375 per minor, per month, for the next four and a half years, and thereafter, $450 per minor, per month, until the twins reach age 18.  These modest monthly payments are requested to help pay for preschool tuition, tutoring, sports, art, music, and test preparation courses.  Petitioner submits that because A.B. and R.B.'s father is deceased and no longer able to provide childcare, guidance, or child support, it is in A.B. and R.B.'s best interest that a small fraction of

the funds that were awarded in connection with their father's death be used to help raise them.  Petitioner further submits that these disbursements are reasonable and in the twins' best interest, and do not meaningfully diminish the very significant funds that will become available to A.B. and R.B. once they reach majority.

Petitioner further requests approval of the annuities described in Exhibits D and E, which propose that, the twins A.B. and R.B. will each receive guaranteed payments of $25,000 annually for four years (intended to assist with college tuition) beginning when the twins reach majority in 2032.  The proposed annuities further guarantee monthly payments of $800 for three years beginning at age 22, followed by lump sum payments at ages 26, 30 and 35 for a total payout of $416,000 for each minor A.B. and R.B.

### E. Attorneys' Fees and Minor Plaintiffs

Local Rule 17-1.5 provides that in call cases involving the claims of minors, "the Court shall fix the amount of attorney's fees." *See also* Local Rule 83-5.3 (identical rule effective June 1, 2012, superseded by current rule).  The attorneys' fees that are requested to be approved represent the amounts that the Law Offices of Dale K. Galipo and Law Offices of Luis A. Carrillo would be due under the existing retainer and fee-splitting agreements. Galipo Decl. at ¶ 18. These are also the amounts that an adult plaintiff would pay for the same legal services, and Plaintiff's attorneys submit that the result should be no different because their client is a minor.

In *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011), the district court rejected a proposed settlement under conditions where 56 percent of the total settlement value was allocated to attorney's fees. The Ninth Circuit reversed on the grounds that "the district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel."  The Ninth Circuit remanded for consideration of whether

the minors' recoveries were fair and reasonable, without regard to the amount of attorneys' fees. This holding suggests that 56 percent of the total recovery being allocated to attorneys' fees is not *per se* disallowed. *See also Nephew v. Santa Rosa Mem'l Hosp.*, No. 15-CV-01684-JSC, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015) ("requested 33% attorneys' fee award is reasonable in light of the signed contingency agreement"); *Caldwell v. Boeing Co.*, No. 14CV2636-BEN KSC, 2015 WL 4199986, at *2 (S.D. Cal. July 9, 2015) ("Under *Robidoux,* the Court is not required to conduct an inquiry into the reasonableness of attorneys' fees); *Gill v. Macy's Corp. Servs.*, No. 1:12-CV-01985-AWI, 2013 WL 4478898, at *2 (E.D. Cal. Aug. 19, 2013) (approving a similar transaction that involved paying one portion of the total recovery to finance an annuity for the minor plaintiff, the remainder to plaintiff's attorneys); *Reyes v. City of Pinole*, No. C 12-2636 LB, 2013 WL 3157902, at *2 (N.D. Cal. June 20, 2013) (approving a settlement, "half of which is allocated for attorneys' fees"); *McCue v. S. Fork Union Sch. Dist.*, No. 1:10-CV-00233-LJO, 2012 WL 2995666, at *7 (E.D. Cal. July 23, 2012) (a contingency fee of 40 percent might be justified); *Arriaga v. Target Corp.*, No. CIV. S-10-1167 LKK, 2012 WL 1720503, at *1 (E.D. Cal. May 15, 2012) (settlement of $275,000, with distribution of $109,519.97 to minor and $165,480.03 to attorneys).

The minors' claims in this case involved a substantial amount of risk and were vigorously litigated. *Id*. at ¶ 19.  Plaintiffs' attorneys put a tremendous number of hours into the case over the past two years and attended multiple settlement conferences, resulting in a favorable result for the minor plaintiffs. *Id*. at ¶ 19.  As a result, the minors will enjoy payments of over $1,628,301 million spread throughout their lives.

If the minor plaintiffs' attorneys were not awarded a fully compensatory fee in such cases, similarly experienced, skilled, and reputable attorneys would be discouraged from taking them.  Specifically, it would provide a disincentive for skilled attorneys to take cases involving minor plaintiffs, which if anything, require a higher

level of legal expertise and experience than cases involving adult plaintiffs.  Civil rights cases are difficult enough for attorneys to take and win, without the additional disincentive of an arbitrarily-reduced fee at the end.  In sum, a reduction of the full contractual fee would inhibit the provision of high quality of legal services to civil rights victims who are minors and plaintiffs such as the minors in this case would not be able to attract competent counsel who could achieve similar results. *Id*. Accordingly, Plaintiffs' attorneys in this case request the approval of the full amount of their attorneys' fees and costs without reduction, as agreed by the Petitioners.

### III. CONCLUSION

For the reasons above, the Court should approve the proposed settlement of The minors' claims and enter the proposed disbursement orders submitted concurrently herewith.

Respectfully submitted,

Dated: April 17, 2017                              LAW OFFICES OF DALE K. GALIPO
                                                   LAW OFFICES OF LUIS A. CARRILLO


                                                   _____
                                                   Dale K. Galipo
                                                   Luis A. Carrillo
                                                   Melanie T. Partow
                                                   Attorneys for Plaintiffs

### DECLARATION OF DALE K. GALIPO

I, Dale K. Galipo, hereby declare as follows:

1.      I am an attorney licensed to practice law in this United States District Court.  I am one of the attorneys of record for plaintiffs A.N.(1), J.N., A.N.(2), R.B. and A.B. and their guardians *ad litem* in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called.  I make this declaration in support of the above motion.

2.      Prior to the filing of this ex parte application, Plaintiffs' counsel contacted defense counsel in compliance with Local Rule 7-19 through 7-19.1.  Defense counsel are:

Cory Brente
Colleen Smith
200 N. Main St., 6th Floor
Los Angeles, CA 90012
Phone: (213) 978-7021
Fax: (213) 978-8785
Email: cory.brente@lacity.org
Email: colleen.smith@lacity.org

I am informed and thereon believe that defense counsel do not oppose the filing of this application on an *ex parte* basis.  The reason for seeking approval of the minors' compromise on an *ex parte* basis is to ensure that the rates currently locked in by the life insurance companies for the annuity structured payment schedules, which have been vetted and selected for each minor plaintiff by their guardians *ad litem*, do not expire.

3.      Plaintiffs' damages in this case arise from (1) the injuries suffered by their father, for which they can recover damages as their father's successors in interest, and (2) their individual losses of their father's comfort, care, companionship, training, support, and

guidance. The minor plaintiffs have not received medical treatment in connection with this case and medical billing is not relevant.

4.     Petitioners are Christel Emmet (for minor plaintiffs A.N., J.N., and A.N. and Blanca Chevez (for minor plaintiffs R.B. and A.B.).   Petitioners are the court-appointed guardian *ad litem* for the four minor Plaintiffs.  The claimants are the five minor plaintiffs A.N., J.N., A.N., R.B., and A.B.  The ages and gender of each claimant is as follows: minor plaintiff A.N.(1) is a 17-year-old male born on October 30, 1999 to Christel Emmet and decedent Sergio Navas; minor plaintiff J.N. is a 13-year-old male born on August 19, 2003 to Christel Emmet and decedent Sergio Navas; minor plaintiff A.N. (2) is a 12-year-old female born on June 15, 2004 to Christel Emmet and decedent Sergio Navas; minor plaintiff R.B. is a three-year-old female born January 16, 2014 to Blanca Chevez and decedent Sergio Navas; minor plaintiff A.B. is a three-year-old male born January 16, 2014 to Blanca Chevez and decedent Sergio Navas.

5.     The gross amount of the settlement in this case of the claims for all seven plaintiffs is $2,500,000.  The plaintiffs agreed among themselves to distribute the settlement proceeds as follows:

| | |
|---|---|
| Alfredo Navas | $250,000 |
| Rosa Navas | $250,000 |
| A.N. | $400,000 |
| J.N. | $400,000 |
| A.N. | $400,000 |
| R.B. | $400,000 |
| A.B. | $400,000 |

6.     Attorneys in this case incurred total litigation costs in the amount of $4,335.  Of the total litigation costs, $600 in costs are attributable to the minor plaintiffs A.B. and R.B. only for DNA testing.  The seven plaintiffs agreed among themselves to split the remaining $3,735 in litigation costs six ways, with the parents of the decedent sharing one-sixth of the costs and the minor plaintiffs to each bear 1/6th of the costs.  This

agreement resulted in the apportionment of the total litigation costs among the seven plaintiffs as follows:

| | |
|---|---|
| Alfredo Navas | $311.25 |
| Rosa Navas | $311.25 |
| A.N. | $622.50 |
| J.N. | $622.50 |
| A.N. | $622.50 |
| A.B. | $922.50 |
| R.B. | $922.50 |

7.     Periodic cash disbursements totaling $23,400 over two years was advanced to Petitioner Christel Emmet for expenses relating to housing, food and clothing and necessary daily expenses for the custody and care of minor plaintiffs A.N., J.N., and A.N.  Petitioner Christel Emmet, as guardian ad litem for the minor plaintiffs A.N., J.N., and A.N., agreed that $23,400 would be reimbursed to attorneys from A.N., J.N., and A.N.'s settlement proceeds.

8.     The gross amount of A.N.(1)'s settlement proceeds is $400,000.  A.N.(1) will become of age in October, 2017.  Of this gross amount, $41,061.50 is proposed to go into a blocked account.  $190,516 is proposed to be used to fund a structured annuity for A.N.(1), with the proceeds to be distributed to him over time, as is set forth in **Exhibit A** hereto.  The difference is proposed to be distributed to his attorneys, Law Offices of Dale K. Galipo and Law Offices of Luis A. Carrillo pursuant to the contingency retainer agreement between plaintiffs and their attorneys, which provides for a 40 percent contingency, Section 1988 fees and reimbursement for litigation costs and any monies advanced against the settlement.

9.     The gross amount of J.N.'s settlement proceeds is $400,000.  Of this gross amount, $231,577.50 is proposed to be used to fund a structured annuity for J.N., with the proceeds to be distributed to him over time, as is set forth in **Exhibit B** hereto.  The difference is proposed to be distributed to his attorneys, Law Offices of Dale K. Galipo

and Law Offices of Luis A. Carrillo pursuant to the contingency retainer agreement between plaintiffs and their attorneys, which provides for a 40 percent contingency, Section 1988 fees and reimbursement for litigation costs and any monies advanced against the settlement.

10.     The gross amount of A.N.(2)'s settlement proceeds is $400,000.  Of this gross amount, $31,577.50 is proposed to be used as a seed cash payment to fund a Special Needs Trust. $200,000 is proposed to be used to fund a structured annuity for A.N.(2), with the proceeds to be distributed to the Special Needs Trust over time, as is set forth in **Exhibit C** hereto.  The difference is proposed to be distributed to his attorneys, Law Offices of Dale K. Galipo and Law Offices of Luis A. Carrillo pursuant to the contingency retainer agreement between plaintiffs and their attorneys, which provides for a 40 percent contingency, Section 1988 fees and reimbursement for litigation costs and any monies advanced against the settlement.

11.     The gross amount of A.B.'s settlement proceeds is $400,000.  Of this gross amount, $239,077.50 is proposed to be used to fund a structured annuity for A.B., with the proceeds to be distributed over time – first to Petitioner Blanca Chevez on A.B.'s behalf until A.B. is of age and thereafter to A.B. directly, as is set forth in **Exhibit D** hereto.  The difference is proposed to be distributed to his attorneys, Law Offices of Dale K. Galipo and Law Offices of Luis A. Carrillo pursuant to the contingency retainer agreement between plaintiffs and their attorneys, which provides for a 40 percent contingency, Section 1988 fees and reimbursement for litigation costs.

12.     The gross amount of R.B.'s settlement proceeds is $400,000.  Of this gross amount, $239,077.50 is proposed to be used to fund a structured annuity for R.B., with the proceeds to be distributed over time – first to Petitioner Blanca Chevez on R.B.'s behalf until R.B. is of age and thereafter to R.B. directly, as is set forth in **Exhibit E** hereto.  The difference is proposed to be distributed to her attorneys, Law Offices of Dale K. Galipo and Law Offices of Luis A. Carrillo pursuant to the contingency

retainer agreement between plaintiffs and their attorneys, which provides for a 40 percent contingency, Section 1988 fees and reimbursement for litigation costs.

13.     Petitioners and Plaintiffs are represented by the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, and Law Offices of Luis A. Carrillo, located at 1499 Huntington Drive Suite 402, South Pasadena, CA 91030.  This ex parte petition for order approving compromise of minor's claims was prepared by Melanie T. Partow of my office at my direction and under my supervision.

14.     The Law Offices of Dale K. Galipo and the Law Offices of Luis A Carrillo did not become concerned with this matter at the instance of any party against whom the claims are asserted or of any party's insurance carrier.

15.     The Law Offices of Dale K. Galipo and the Law Offices of Luis A. Carrillo are not employed by any other party or any insurance carrier involved in the matter.

16.     The Law Offices of Dale K. Galipo and the Law Offices of Luis A. Carrillo have not received any compensation for their services in connection with the minor plaintiffs' claims from any person.

17.     The Law Offices of Dale K. Galipo and the Law Offices of Luis A. Carrillo do not expect to receive additional compensation for their services in connection with the minor plaintiffs' claims.

18.     The Law Offices of Dale K. Galipo and the Law Offices of Luis A. Carrillo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced and any monies advanced. The retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement a lawsuit. The retainer agreement also provides that the 40 percent retainer is in addition to any attorneys' fees awarded under Section 1988.

19.     This police shooting-death case involved a substantial amount of risk. Moreover, in §1988 attorney fees motions filed by my office, Courts in this district have

repeatedly approved my lodestar at $950/hour. Multiple attorneys worked a large number of hours on this case, including Mr. Luis Carrillo, who has decades of experience litigating civil rights police shooting cases, and Melanie Partow, an associate in my office who has over ten years of experience litigating civil rights police shooting cases. The contingency fee did not increase because plaintiffs are represented by multiple counsel or because plaintiffs are represented by two law firms. The two law firms will share the single contingency rate set forth in the retainer agreement. If Plaintiffs had prevailed at trial and a likely appeal, statutory attorneys' fees due to Law Offices of Dale K. Galipo and the Law Offices of Luis A. Carrillo under the retainer agreements likely would exceed $1,500,000.00. If Law Offices of Dale K. Galipo and the Law Offices of Luis A. Carrillo were not awarded a fully compensatory fee in such cases, it would not be able to take them. *Id.* In turn, minor plaintiffs such as A.N., J.N., A.N., R.B., and A.B. would not be able to attract competent counsel who could achieve similar results.

20.     Attached hereto as "**Exhibit F**" is a sample annuity policy for the court's review.

21.     Attached hereto as "**Exhibit G**" is a ratings sheet for Pacific Life Insurance Company and Pacific Life & Annuity Company.

22.     Attached hereto as "**Exhibit H**", is a sample statement of Irrevocable Guarantee for the annuities through Pacific Life.

23.     Attached hereto as "**Exhibit I**", is a true and correct copy of the CPT Master Trust.

24.     Attached hereto as "**Exhibit J**", is a sample of the CPT Trust Set Up Documents.

///

///

///

1        I declare under penalty of perjury of the laws of the United States of America

2   that the foregoing is true and correct, and that this declaration was executed this 17th

3   day of April, 2017 at Woodland Hills, California.

4

5                  _____/s/ Dale K. Galipo_____

6                         Dale K. Galipo

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28