# EXHIBIT A

## **Annuity Language- Minors Petition & Order**

A draft for $190,516.00, shall be made payable to Pacific Life & Annuity Services Inc. These funds shall be used to purchase an annuity for the benefit of the minor, A.N.(1), in which Pacific Life Insurance Company (hereinafter referred to as "Assignee") will provide the following periodic payments as set forth below to be made by Pacific Life Insurance Company, (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company.

All sums and periodic payments set forth herein constitute damages on account of personal injuries or sickness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

### **Periodic payments payable to A.N.(1):**

$ 1,690.05    Payable Monthly, Guaranteed 8 years, Commencing on 10/30/2018, last payment on 9/30/2026

$ 49,929.46   Lump Sum Payment on 10/30/2024

The Parties hereto acknowledge and agree that the Defendant, the City of Los Angeles, will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Pacific Life & Annuity Services Inc. , (hereinafter referred to as "Assignee") of the Defendant's liability to make the periodic payments described herein.  Such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant from such obligations hereunder as are assigned to Assignee.  The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check, in the amount specified to the address of record.

The Plaintiff agrees she has not received or relied upon any advice or representation as to the tax effect of this Agreement.  In accordance therewith, the Plaintiff agrees to hold harmless the Defendant from any losses to Plaintiff incurred, including any loss by reason of a determination by the Internal Revenue Service or other tax authority that said settlement monies do not constitute, in whole or part, damages on account of personal injury or sickness.

The Plaintiff hereto expressly understands and agrees that upon the qualified assignment being made by the Insurer on behalf of the Defendant to Assignee as authorized by this agreement, all of the duties and responsibilities to make the periodic payments otherwise imposed upon the Defendant by this agreement shall instead be binding upon Assignee, and the Defendant shall be released from all obligations to make said periodic payments, and Assignee) shall at all times remain

directly and solely responsible for and shall receive credit for all such payments made to Plaintiff. It is further understood and agreed that, upon such a qualified assignment, Assignee assume all of the duties and responsibilities of the Defendant to make the periodic payments.

Periodic payments under from Assignee cannot be accelerated, deferred, increased or decreased by the Plaintiff. The Assignee's obligation for payment of the periodic payments shall be no greater than the obligation of the person or entity originally liable (whether by suit or agreement) for payment and from whom the obligation is assigned.

Periodic payments hereunder cannot be accelerated, deferred, increased or decreased by the Plaintiff and/or Assignee and no part of the payment(s) called for herein or any assets of the Defendant and/or Assignee is to be subject to execution of any legal process for any obligation in any manner. Furthermore, the Plaintiff shall not have the power to sell or mortgage or encumber the same, or any part thereof, anticipate the same, or any part thereof, by assignment or otherwise.

The Insurer on behalf of the Defendant and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset", within the meaning of Section 130(d) of the Code, in the form of an annuity policy from Pacific Life Insurance Company, (hereinafter referred to as "Annuity Carrier"). The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership. The Assignee may have Annuity carrier mail payments directly to the Plaintiff. The Plaintiff shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.